825 A.2d 514

## IN THE MATTER OF WILLIAM E. SCHETLICK, AN ATTORNEY AT LAW.

June 25, 2003.

### ORDER

This matter having been duly presented to the Court pursuant to *Rule* 1:20–10(b) following a motion for discipline by consent of **WILLIAM E. SCHETLICK** of **HACKETTSTOWN,** who was admitted to the bar of this State in 1990 and who was temporarily suspended from the practice of law for failure to comply with a fee arbitration determination, effective December 20, 2000, by Order of the Court filed November 17, 2000, and who remains suspended at this time;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.1(a) (gross neglect) *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.5(b) (failure to provide written retainer agreement), and *RPC* 1.15(d) and *Rule* 1:21–6 (record-keeping requirements);

And the parties having agreed that respondent's conduct violated *RPC* 1.1(a), *RPC* 1.1(b), *RPC* 1.3, RPC 1.4(a), *RPC* 1.5(b), *RPC* 1.15(d) and *Rule* 1:21–6 and that said conduct warrants a reprimand;

And the Disciplinary Review Board having reviewed the record pursuant to *Rule* 1:20–10(b)(3) to determine the appropriate measure of discipline for respondent's misconduct;

And the Disciplinary Review Board having determined that a reprimand is the appropriate discipline for respondent's ethics infractions and having granted the motion for discipline by consent;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **WILLIAM E. SCHETLICK** is hereby reprimanded; and it is further

ORDERED that respondent continue to be enjoined from practicing law until such time as respondent complies with the fee arbitration determination in the *Holcomb* and *Alvarado* matter; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20, during the period of suspension; and it is further

ORDERED that respondent submit to the Office of Attorney Ethics proof of his fitness to practice law prior to reinstatement; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Discipline Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.